IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CASE NO. 05-14244-TPA |
| PAUL B. KIRSCH | : |
| | : CHAPTER 7 |
| Debtor | : |
| | : |
| JOHN C. MELARAGNO, Trustee | : DOCUMENT NO. _____ |
| Movant | : |
| | : |
| vs. | : |
| | : |
| UNITED STATES OF AMERICA, | : |
| INTERNAL REVENUE SERVICE | : |
| Respondent. | : |

**MOTION FOR PRIVATE SALE OF PERSONAL PROPERTY**
**FREE AND DIVESTED OF LIENS**
**AND**
**MOTION TO APPROVE CARVEOUT**

And now, comes the Movant, JOHN C. MELARAGNO, ESQ. of MELARAGNO & PLACIDI, Trustee and Attorney Pro Se and files this Motion for Private Sale of Personal Property Free and Divested of Liens and Motion to Approve Carveout of which the following is a statement:

1. The Movant, John C. Melaragno, Esquire of MELARAGNO & PLACIDI, is the Trustee and Attorney Pro Se and maintains a business address of 502 West Seventh Street Erie, PA 16502.

2. The attorney for the Debtor is Lawrence C. Bolla, who maintains a business address of 2222 West Grandview Boulevard, Erie, PA 16506.

3. The following named Respondent holds a secured claim against the Personal Property which is the subject of this sale, or alternatively, is named as a Respondent for the purpose of notifying them that the sale of the subject property, to which they may have some claim, is being proposed:

The Respondent, United States of America, Internal Revenue Service, has

        filed, at Claim Number 1, a secured claim in the amount of $406,333.90. The Internal Revenue Service has agreed to carve out funds for the payment of the Trustee's Fees and Expenses, Attorney for the Trustee Fees and Expenses plus an additional 15% of the net proceeds of sale for the benefit of the General Unsecured Creditors.

4.     This Court has jurisdiction over these proceedings pursuant to the provisions of 28 U.S.C. Section 1409.

5.     This is a core proceeding pursuant to 28 U.S.C. Section 157 (b)(2)(n).

6.     This Motion is filed pursuant to the provisions of 11 U.S.C. Section 363.

7.     The Trustee proposes to sell the following assets of the Debtor, free and clear of liens: the balance of the future stream of payments due to this Estate under the terms of the Qui Tam Settlement Agreement, as previously approved by this Court. Said Order is attached hereto as Exhibit "A".

8.     Of the Settlement Funds, the Trustee has received the initial lump sum payment and two (2) of the twenty-four (24) quarterly payments of $3,838.28.

9.     The subject of this sale are the remaining twenty-two (22) quarterly installments of $3,838.28 having a total value of $84,442.16, beginning with the payment for the second quarter of 2013 (hereinafter referred to as "The Future Stream of Payments").

10.     The Trustee has secured an offer for the purchase of The Future Stream of Payments, as set forth in Paragraph 9, above, in the amount of $35,000.00.

11.     The proposed buyer is Ross M. Klein of One World Trade Center, Suite 400, Long Beach, CA 90831-0400. Ross M. Klein has no known relationship to the Debtor.

12.     Ross M. Klein has paid a non-refundable[1] earnest money deposit of $3,500.00.

13.     The undersigned believes that the offer of $35,000.00 for The Future Stream of

---

[1] Said deposit is non-refundable in the event that the Court approves the Sale to Ross M. Klein. In the event that this private sale is converted to a public sale and Mr. Klein is not the court approved purchaser, then in that event the earnest money deposit shall be refunded.

Payments is fair and should be accepted.

WHEREFORE, the Movant, John C. Melaragno, Esq., respectfully requests that this Honorable Court enter an Order confirming the private sale of the future stream of payments due and payable under the Qui Tam Settlement to Ross M. Klein for the lump sum of $35,000.00.

## CARVEOUT PROVISIONS
## UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE

14. The United States of America, Internal Revenue Service, maintains a secured claim in the amount of $406,333.90 on the subject property pursuant to Federal Tax Liens filed against the Debtor.

15. Based upon the foregoing, The United States of America, Internal Revenue Service, would be entitled to all of the net proceeds of sale.

16. The United States of America, Internal Revenue Service has agreed to pay the Trustee's Administrative Fees and Expenses, the Administrative Fees and Expenses of the Attorney Pro Se and a 15% Carveout to the Estate of the net proceeds of this sale. Said Carveout will be for the benefit of the General Unsecured Creditors. Based upon the sale price, the Carveout would result in a distribution of $5,250 to the General Unsecured Creditors and would result in a thirty-two percent (32%) dividend.

WHEREFORE, the Movant, John C. Melaragno, Esq., respectfully requests that this Honorable Court enter an Order approving the proposed Carevout with the United States of America, Internal Revenue Service.

Dated: April 12, 2013

RESPECTFULLY SUBMITTED,

MELARAGNO & PLACIDI

BY:  /s/ John C. Melaragno
John C. Melaragno, Esquire
502 West Seventh Street
Erie, PA 16502
johnm@mplegal.com
(814) 459-5557
(814) 459-6778 (fax)
PA ID# 80207